**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA,               ) | |
|                                                                      ) | |
|           Plaintiff/Respondent,            ) | |
|                                                                      ) | |
| vs.                                                              ) | Case Nos.  02-CR-78-JHP |
|                                                                      ) | 06-CV-600-JHP-FHM |
| JIMMY LEE SHARBUTT,                   ) | |
|                                                                      ) | |
|           Defendant/Petitioner.             ) | |

## <u>ORDER</u>

This is a proceeding initiated by the above-named petitioner who is currently an inmate at the Federal Correctional Institute in Forrest City, Arkansas. This action was initiated pursuant to the provisions of 28 U.S.C. § 2255. Petitioner contends that his detention pursuant to the judgment and sentence of the United States District Court for the Northern District of Oklahoma Case No. 02-CR-78-JHP is unlawful.

The Respondent filed a response by and through the United States Attorney for the Northern District of Oklahoma. In addition, the court has reviewed the relevant trial court records associated with Case No. 02-CR-78-JHP. The records reflect Petitioner was named in a one-count Indictment on May 10, 2002, charging him with Possession of a Firearm After Former Conviction of a Felony, in violation of 18 U.S.C. § 922(g)(1). Thereafter, on November 8, 2002, a two-count Superseding Indictment was filed charging him with Count I: Possession of a Firearm After Former Conviction of a Felony, in violation of 28 U.S.C. § 922(g)(1) and 924(e); and Count II: Possession of a Controlled Substance with Intent to

Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). On April 7, 2003, the Court granted defendant/petitioner's motion to sever the counts for purposes of trial. Thereafter, on April 21, 2003, a jury trial was commenced as to Count One of the Superseding Indictment and on April 23, 2003, the jury returned their verdict finding the defendant/petitioner guilty on said count. On June 12, 2003, the Court granted the government's motion to dismiss Count Two of the Superseding Indictment.

On September 26, 2003, the defendant was sentenced to 262 months on Count One. Additionally, upon release from custody the Court ordered the defendant to be placed on supervised release for a period of five years. Further, the defendant was ordered to pay a $5,000 fine and $100 special monetary assessment. At the time of sentencing, the defendant was advised he would have ten (10) days in which to appeal his sentence. The Judgment was filed of record on October 7, 2003.

An appeal was perfected in which defendant argued the district court erred by denying several motions. Specifically, defendant argued his motion to suppress evidence obtained pursuant to a search warrant should have been granted because the affidavit in support of the search warrant a) contained insufficient evidence to support probable cause; and b) omitted material facts affecting the decision to authorize the search warrant. Further, defendant asserted his motion to preclude evidence of his prior possessions of firearms, and sale and use of drugs should have been granted because of the undue prejudice created by the admission of this evidence. Defendant also alleged his motion to preclude testimony of a prosecution witness should have been sustained for lack of notice. Finally, defendant urged

the appellate court to reverse because his motion to introduce a BB gun as demonstrative evidence was overruled. On January 5, 2005, his conviction and sentence was affirmed. *United States v. Jimmy Lee Sharbutt*, 120 Fed.Appx.244 (10th Cir. 2005), *cert. denied*, — U.S. —, 126 S.Ct. 1020, 163 L.Ed.2d 866 (2006).

On October 27, 2006, Petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255. As grounds for relief, Petitioner raises three issues: (1) his jury instructions contained structural error; (2) the evidence was insufficient to sentence him under the "Armed Career Criminal Act;" (3) sentencing violations based on *Blakely* resulted in structural errors. Petitioner asserts the reason he did not previously raise these issues is because he received ineffective assistance of counsel. Respondent filed a Response on February 2, 2007 (Dkt. 159). On February 20, 2007, Petitioner filed a Reply which he called a "Motion for Traverse." (Dkt. 161) The Reply was, however, docketed by the Court Clerk as a "Motion for Hearing."

## **GENERAL PRINCIPLES GOVERNING § 2255 ACTIONS**

Section 2255 is not a substitute for an appeal and is not available to test the legality of matters which should have been challenged on appeal. *U.S.A. v. Mohammad Rizwan Ali Khan*, 835 F.2d 749, 753 (10th Cir. 1987), *cert. denied*, 487 U.S. 1222 (1988). As a result, "failure to raise an issue either at trial or on direct appeal imposes a procedural bar to habeas review." *United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004) (quoting *United States v. Barajas-Diaz*, 313 F.3d 1242, 1245 (10th Cir. 2002). Failure to raise an issue on direct appeal bars the movant/defendant from raising such an issue in a § 2255 Motion to Vacate

Sentence unless he can show "both good cause for failing to raise the issue earlier, and that the court's failure to consider the claim would result in actual prejudice to his defense, . . . ." *Id*. Since a writ of habeas corpus is an equitable remedy, a court may consider the merits of the procedurally barred claim if the defendant alternatively demonstrates "that 'failure to consider the federal claims will result in a fundamental miscarriage of justice.'" *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

In *United States v. Galloway*, 56 F.3d 1239, 1242 (10th Cir. 1995), the Tenth Circuit held claims of constitutionally ineffective counsel should be brought on collateral review. Consequently, no procedural bar will apply to ineffective assistance of counsel claims which could have been brought on direct appeal but are raised in post-conviction proceedings. A habeas petitioner may raise substantive claims which were not presented on direct appeal, however, if he can establish cause for his procedural default by showing he received ineffective assistance of counsel on appeal.

A court considering a claim of ineffective assistance of appellate counsel for failure to raise an issue is required to look to the merits of the omitted issue. Where the omitted issues are meritless, counsel's failure to raise it on appeal does not constitute constitutionally ineffective assistance of counsel. *Hooks v. Ward*, 184 F.2d 1206, 1221 (10th Cir. 1999). *See also*, *Smith v. Robbins*, 528 U.S. 259, 288, 120 S.Ct. 746, 765, 145 L.Ed.2d 756 (2000).

Petitioner alleges his attorney provided ineffective assistance of counsel by failing to object to the jury instructions regarding the elements of the offense of conviction. Specifically, Petitioner claims because the jury instructions contained the statutory citation

to the penalty provision under which he was charged the jury was allowed to consider whether he was a "violent" convicted felon. Petitioner also claims his attorney was ineffective for failing to file a motion to have the statutory citation to the penalty enhancement section dismissed from the indictment. Petitioner further alleges such a motion would have been successful. This Court, however, disagrees.

> An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." (citation omitted) Furthermore, "[i]t is generally sufficient that an indictment set forth an offense in the words of the statute itself, as long as those words themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." (citation omitted)

*U.S. v. Hathaway*, 318 F.3d 1001, 1009 (10th Cir. 2003). Furthermore, the Tenth Circuit has consistently upheld the constitutionality of 18 U.S.C. § 924(e). *United States v. Brothers*, 438 F.3d 1068, 1074 (10th Cir. 2006).

Although Petitioner repeatedly complains about the jury instructions used for determining the penalty enhancement under § 924(e) and claims he received ineffective assistance of counsel presumably because his attorney did not object to the instructions, the jury instructions do not specifically refer to the language contained within the penalty punishment provisions. Rather, the jury was instructed the issue of punishment was a matter exclusively for the court. The instructions only provided the jury with the essential elements for a conviction under 18 U.S.C. § 922(g)(1). *See*, Jury Instructions 6 and 7 (Dkt. 84). Since

Petitioner's jury was not instructed on what the punishment set forth in § 924(e) was, this claim is meritless.

Next, Petitioner asserts the evidence was insufficient to establish that he should be considered an Armed Career Criminal under § 924(e). Specifically, Petitioner alleges his conviction for Burglary in the Second Degree (Case No. 80-2460) was an adjudicated juvenile offense for which the government had no records to establish what this adjudication entailed. Petitioner then argues his counsel was ineffective for failing to require the government to submit documentation of this juvenile offense. A review of the presentence report, however, does not substantiate Petitioner's claims.

Petitioner was deemed an Armed Career Criminal based upon three prior convictions committed on different occasions for "violent" felonies. 18 U.S.C. § 924(e)(1). Specifically, the presentence report indicates Petitioner was arrested in Oklahoma County on June 20, 1980, at the age of 19 for Second Degree Burglary. *See*, P.S.R. at ¶ 26.[1] Originally, on October 29, 1980, Petitioner received a two-year deferred sentence; but, on April 22, 1981, his sentence was accelerated to two years confinement with all but the first year suspended. *Id*.[2] Additionally, Petitioner sustained two additional convictions for Robbery with Firearms AFCF, Oklahoma County Case Nos. CRF-84-685 and CRF-84-688. *Id.*, at ¶¶ 28 and 29.

---

[1] The presentence report also refers to what appears to be a separate juvenile adjudication which occurred in Ottawa County. The presentence report does not indicate when this adjudication occurred because the juvenile records had been shredded. The probation officer obtained the information regarding the juvenile adjudication from a 1980 Oklahoma DOC report. *See*, P.S.R. at ¶ 25.

[2] Under Oklahoma law, this offense was not treated as a "conviction" until after it was accelerated. *See*, OKLA. STAT. tit. 22, § 991c (1979).

Thus, Petitioner's juvenile adjudication was not considered in the application of the provisions of the Armed Career Criminal Act.

Absent counsel's objection to the PSR it was appropriate for this Court to consider the information contained within the PSR to determine whether the defendant's sentence was subject to enhancement under the Armed Career Criminal Act. *United States v. Harris*, 447 F.3d 1300, 1306 (10th Cir. 2006). Petitioner's conclusory allegations that the Second Degree Burglary conviction was an adjudicated juvenile adjudication for which no records existed is not sufficient to establish counsel was ineffective for failing to object to the use of the Second Degree Burglary conviction as a basis to support the career criminal enhancement.

Finally, Petitioner argues failure of the indictment to allege specific enhancement facts, *i.e.*, facts to establish he was an Armed Career Criminal, constituted structural error under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Again, Petitioner appears to be asserting counsel was ineffective for failing to raise this issue on appeal. Petitioner asserts "structural error" requires automatic reversal of his conviction.

In *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the United States Supreme Court extended the holding in *Blakely* to the federal sentencing guidelines finding the guidelines were subject to the jury trial requirements of the Sixth Amendment. The Court has not, however, made *Booker* retroactively applicable to cases on collateral review.

Furthermore, following *Booker* the Tenth Circuit held that the existence and classification of prior convictions used to enhance a defendant's sentence under the Armed

Career Criminal Act need not be charged in the indictment nor proven to a jury beyond a reasonable doubt. *United States v. Moore*, 401 F.3d 1220 (10th Cir. 2005). *See also*, *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Finally, in *Washington v. Recuenco*, --- U.S. ---, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006), the Court held failure to submit a sentencing factor was not "structural error." Accordingly, this Court finds Petitioner has failed to establish any structural error in his sentence or that he received ineffective assistance of appellate counsel.

Motion to Amend (Dkt. 160)

Petitioner requests permission to amend his Motion to Vacate in light of *Cunningham v. California*, --- U.S. ---, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007). In *Cunningham*, the Court held that California's determinate sentencing law, which authorized a judge to find facts by a preponderance of the evidence thereby exposing a defendant to an elevated sentence violated a defendant's right to trial by jury. However, as recognized in *Rita v. United States*, --- U.S. --- , --- S.Ct. ---, 2007 1772146, * (2007), the Sixth Amendment does "not automatically forbid a sentencing court to take account of factual matters not determined by a jury and to increase the sentence in consequence." Further, facts of a prior conviction need not be proven beyond a reasonable doubt. *United States v. Booker*, *supra* 543 U.S. at 244 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.") The decision in *Cunningham* did not alter Supreme Court cases which have held that prior convictions

need not be proven to a jury beyond a reasonable doubt. Accordingly, this Court finds Petitioner's Motion to Amend should be denied.[3]

Motion for Order to file Petition (Dkt. 162)

Finally, Petitioner appears to be requesting leave to either file his Motion to Vacate or to file a supplement thereto. He refers to Rule 15(a) of the Federal Rules of Civil Procedure. That rule authorizes a party to amend his pleading before a responsive pleading is served or with written leave of the Court. The Motion to Vacate was filed herein on October 27, 2006. A Response was filed on February 2, 2007. This Court has considered a previously filed Motion to Amend (Dkt. 160) in light of *Cunningham*. Everything contained within Petitioner's current motion has been considered by this Court. Accordingly, this Court denies leave to file any additional amendments herein.

---

[3] The Court would note this Motion was filed four (4) days after Respondent filed a Response to Petitioner's Motion to Vacate.

<u>Conclusion</u>

Since the motion, files and records in this case establish Petitioner is not entitled to relief, Petitioner's request for an Evidentiary Hearing is denied. *United States v. Galloway*, 56 F.3d 1239, n. 1 (10th Cir. 1995). Accordingly, for the reasons set forth herein, Petitioner's Motion to Vacate (Dkt. 150) and requests for an evidentiary hearing (contained within Brief in Support of Motion (Dkt. 151) and in pleading styled "Petitioner's Motion for Traverse" (Dkt. 161)) are hereby denied.

It is so ordered on this 2nd day of July, 2007.