IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,	) | |
| )	 | |
| Plaintiff,	) | |
| )	 | Case No. 02-CR-0078-001-JHP |
| v.	) | |
| )	 | USM Number: 09112-062 |
| JIMMY LEE SHARBUTT,	) | |
| )	 | |
| Defendant.	) | |

**OPINION AND ORDER**

Before the Court is defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 709 (Dkt. # 180), and motion requesting appointment of counsel (Dkt. # 181). Defendant was found guilty of a one-count superseding indictment charging possession of firearm and ammunition after former conviction of a felony, and armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). In October 2003, the Court imposed a sentence of 262 months based on offense level 34 and criminal history category VI, resulting in a sentencing range of 262 to 327 months. Defendant contends that, based on revised Chapter Four rules caused by Amendment 709, his criminal history category was miscalculated. Defendant asserts the correct application of the guidelines will result in a lowering of his sentencing range, making him eligible for a § 3582(c) reduction of sentence.

Amendment 709, effective November 1, 2007, addressed two areas of the Chapter Four criminal history rules, the area applicable here is how multiple prior sentences count toward determining a defendant's criminal history score. The amendment simplifies the rules under USSG §§4A1.1 and 4A1.2(a)(2) concerning the counting of multiple prior sentences, by eliminating use of the term "related cases" and instead using the terms "single" or "separate" sentences. Under the

amendment, the initial inquiry is whether the prior sentences were for offenses separated by an intervening arrest (i.e., the defendant was arrested for the first offense prior to committing the second offense). If so, they are to be considered separate sentences, counted separately, and no further inquiry is required. See Guidelines Manual Supplement to Appendix C, pp. 238-239.

Amendment 709 is not listed as a retroactive amendment. See USSG §1B1.10(c). Accordingly, it cannot be considered by a district court pursuant to a § 3582(c) motion. See 18 U.S.C. § 3582(c)(2); see also United States v. Peters, 524 F.3d 905, 906 (8th Cir. 2008) (holding that Amendment 709 was not retroactive and the district court was therefore barred from applying it); United States v. Muhammed, 2008 WL 4190786 at *4 (D.N.J.2008) (finding that because Amendment 709 was not listed in subsection (c) of the relevant policy statement, the court could not consider the effect of the amendment in a motion for relief filed pursuant to § 3582(c)(2)).

Even if Amendment 709 was retroactive it would not matter, because defendant is an armed career criminal as defined by 18 U.S.C. § 924(e), and his criminal history category was controlled by application of USSG §4B1.4(b), not §4A.1.1. Defendant confuses the multiple prior sentences rule change in Amendment 709 as affecting determination of predicate offenses under § 924(e) and §4B1.4(b). Amendment 709 has no bearing on application of the armed career offender statute and the Sentencing Commission's implementation of this enhancement in §4B1.4. This statutory enhancement is applied against a defendant convicted of a § 922(g)(1) offense who has a history of three prior violent felonies or serious drug offenses committed on occasions different from one another. Defendant meets this criteria See PSR, §§ 24, 26, 28 and 29. Amendment 709's simplification of the multiple sentences rule makes use of intervening arrests as an initial query to decide if a prior conviction scores under §4A1.1. No such requirement is placed on determination

of predicate offenses for the armed career criminal enhancement, the salient factor being when the offense was committed, not when a defendant is arrested or sentenced for that offense. Accordingly, even if Amendment 709 was retroactive, the amendment would not have the effect of lowering defendant's sentence.

As for defendant's request for appointment of counsel, because Amendment 709 is not retroactive and would not result in reduction of sentence, appointment of counsel for this purpose would be futile. Moreover, a defendant is not entitled to appointment of counsel in pursuit of sentence modification under § 3582(c). See United States v. Olden, 296 Fed.Appx. 671, 674 (10th Cir.2008) (*unpublished*) (concluding there is no constitutional right to counsel for the purpose of bringing a § 3582(c)(2) motion); see also United States v. Legree, 205 F.3d at 729-30 (4th Cir. 2000) (concluding that there is no right to assistance of counsel when pursuing relief under 18 U.S.C. § 3582(c)); United States v. Tidwell, 178 F.3d 946, 949 (7th Cir. 1999); United States v. Reddick, 52 F.3d 462, 464 (2nd Cir.1995).

**IT IS THEREFORE ORDERED** that defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) (Dkt. # 180), is **dismissed due to lack of jurisdiction**.

**IT IS FURTHER ORDERED** that defendant's request for appointment of counsel (Dkt. # 181), is **denied**.

**DATED** this 11th day of August, 2009.

James H. Payne
United States District Judge
Northern District of Oklahoma